This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOHN BURKE,**

Petitioner-Appellant,

v.                                                                                    **NO. 33,009**

**KEVIN JONES and**
**ANA M. JONES,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Deborah Davis Walker, District Judge**

John Burke
Albuquerque, NM

Pro Se Appellant

Kevin Jones
Alta Monte Springs, FL

Ana M. Jones
Albuquerque, NM

Pro Se Appellees

## MEMORANDUM OPINION

**VIGIL, Judge.**

Appearing pro se, Petitioner, John Burke, appeals from a minute order entered by the district court on May 28, 2013, denying his motion for reconsideration and denying his motion for current and past child support. [RP 68] We issued a notice proposing to summarily reverse. Petitioner filed a memorandum in support of our proposed disposition and Respondent, Kevin S. Jones, and Respondent, Ana M. Jones, both sent letters to the Court contesting our proposed disposition. We construe these letters as memoranda in opposition. We continue to believe that the district court erred in concluding that Petitioner lacks standing to petition for child support and thus reverse.

In our notice, we noted that the record reflects that the district court entered a stipulated order of limited kinship guardianship on May 1, 2012, appointing Petitioner as limited kinship guardian of Child. [RP 32] We also noted that the Kinship Guardian Act provides that "[a]s part of a judgment entered pursuant to the Kinship Guardian Act, the court may order a parent to pay the reasonable costs of support and maintenance of the child that the parent is financially able to pay." NMSA 1978, § 40-10B-8(D) (2001). We proposed to reverse the district court's conclusion with respect to standing, without reaching the merits.

In their memoranda in opposition, Respondents do not dispute that the district court entered an order appointing Petitioner as limited kinship guardian of the child;

2

nor do they dispute that the plain language of the Kinship Guardian Act allows a guardian to pursue a claim for child support. Instead, they argue that Petitioner should not receive child support because he voluntarily offered to pay for Child's education and care; he waived his right to receive child support in the order of limited kinship guardianship; and he is not Child's grandfather under New Mexico law. These issues may be relevant to the question of whether Respondents are required to pay child support, but they do not bear on the question of standing.

Because Respondents have failed to point out any errors of law or fact relevant to the limited question of whether Petitioner has standing to petition for child support, we reverse. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact."). On remand, the district court will need to consider Respondents' various arguments and determine, in the first instance, whether they are required to pay child support to Petitioner.

For the reasons discussed above and in our previous notice, we reverse.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**